No. 35,447

THE KANSAS ELECTRIC POWER COMPANY, *Plaintiff*, v. FRANK J. RYAN, as Secretary of State of the State of Kansas, *Defendant*.

(121 P. 2d 217)

Opinion filed January 24, 1942.

*Raymond F. Rice,* of Lawrence, for the plaintiff.

*Jay S. Parker,* attorney general, and *A. B. Mitchell,* assistant attorney general, for the defendant.

The opinion of the court was delivered by

HARVEY, J.: This is an original proceeding in mandamus. Plaintiff in its motion for the writ alleged that it is a domestic corporation; that in March, 1941, as a basis for the payment of its annual license fee, it filed with defendant its report covering its operations

for the year 1940; that the report showed it had outstanding paid-up capital stock to the amount of $4,645,400, consisting in part of shares of preferred stock, each of the par value of $100, and in part of shares of common stock without nominal or par value; that the annual license fee provided by statute (G. S. 1935, 17-701) for a domestic corporation with a paid-up capital stock shown by plaintiff's report was $2,000, which sum plaintiff tendered defendant at the time of filing its report; that the report also showed plaintiff had an earned surplus of $552,822.23 which without legal authority defendant added to the amount of capital paid up on account of the no-par-value common stock and demanded a license fee of $2,500; that a similar report had been made to defendant by plaintiff of its business for the year 1939, upon which defendant, erroneously and without legal authority to do so, computed the annual license fee to be $2,500, which plaintiff paid, duly protesting $500 of the fund as computed by defendant. The prayer was for an order requiring defendant to accept the 1940 report upon the payment of the $2,000 tendered and to refund the $500 paid under protest upon the 1939 report.

The answer of defendant admitted seriatim the facts alleged by plaintiff in its motion, and further alleged that under G. S. 1935, 17-701, it was his duty to collect the annual fee applicable to the paid-up capital stock of plaintiff, and further alleged that the assets designated as earned surplus in plaintiff's annual report "constitutes a part of the value of the no-par-value stock, which said stock is a part of the paid-up capital stock of the plaintiff corporation," and by reason thereof the license fee exacted of plaintiff in the sum of $2,500 was correct.

Plaintiff moved for judgment in its favor upon the pleadings.

Whether any annual fee is to be paid to the state, and the amount of it, are matters governed wholly by statute. There is no controversy on this point. The statute applicable here is G. S. 1935, 17-701. The parties agree on that. This statute requires each corporation organized for profit under the laws of this state to make a report to the secretary of state annually before March 31, showing the condition of the corporation at the close of business December 31 next preceding, containing the following facts (among others) : The amount of the authorized capital stock and the par value of each share, the amount of capital stock authorized, and the amount of capital stock issued and paid up. The statute requires such a

corporation at the time of filing such annual report to pay to the secretary of state an annual fee measured by "the paid-up capital stock of the corporation," the fee being graduated so as to vary with the amount of such paid-up capital stock. When the report shows the capital stock to be more than three million and less than five million dollars the annual fee is $2,000. If the paid-up capital stock is shown by the report to be in excess of five million dollars the annual fee is $2,500. At no place does this statute authorize the secretary of state to determine the value of the capital stock of the corporation. Neither does it contain any method of determining the amount of stock issued with no stated nominal or par value. We are not advised in this case how plaintiff ascertained the amount of its paid-up capital stock, issued without a nominal or par value, but since no question is raised on that point there is nothing before us concerning it to be considered.

In 1921 our legislature enacted a statute (Laws 1921, ch. 150) specifically pertaining to shares of corporate stock without nominal or par value. This act was incorporated in our General Statutes of 1935, sections 17-301 to 17-315. Section 12 of the act (G. S. 1935, 17-312) provided a method of computing the value of stock issued without nominal or par value for the purpose of computing any capitalization or statutory fee. All the sections of this act were specifically repealed by the corporation code enacted in 1939 and effective June 30 of that year (Laws 1939, ch. 152, sec. 154). The corporation code contained several sections pertaining to corporate stock without nominal or par value, but contained no section comparable to G. S. 1935, 17-312. The result is that at the time the two reports in question in this proceeding were filed with the secretary of state G. S. 1935, 17-312, had been repealed and no similar statute was in effect. Notwithstanding this, defendant pleaded in his answer and argues here that the surplus shown by plaintiff's reports should be regarded as added to the value of the paid-up capital stock of plaintiff without nominal or par value and treated as additional paid-up capital stock of the corporation. We think this position untenable. Neither a surplus nor a deficit in corporate assets constitutes capital stock. They may evidence an increased or decreased value of corporate stock, but as we have previously seen, the value of the corporate stock is not the measure of the fee to be paid.

In advising plaintiff that he declined to accept $2,000 in tender of

payment of the fee defendant referred to *Champion Refining Co. v. Ryan*, 147 Kan 160, 75 P. 2d 245, as controlling. The case is not in point here, for two reasons: *First*, the plaintiff there was a foreign corporation transacting a part of its business in this state. *Second*, and more important, the year covered by the report was 1935, when G. S. 1935, 17-312, was in force and applicable to the question involved.

We see no occasion to make a more extended discussion. It seems clear to us judgment should be entered for plaintiff. It is so ordered. Since the real purpose of the proceeding was to determine the proper fee, under the facts pleaded, we think it unnecessary to issue a formal writ.